UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LOUISA THURSTON, | )<br>) |
| Plaintiff, | ) 2:10-CV-00516-LRH-RJJ<br>) |
| vs. | )<br>) |
| CITY OF NORTH LAS VEGAS; NORTH LAS VEGAS POLICE DEPARTMENT a political subdivision of the STATE OF NEVADA; DETECTIVE PAUL FREEMAN; DETECTIVE WATKINS; SGT. MICHAEL WALLER; OFFICERS TAYLOR, ROCKWELL AND SCARALE individually employed by the City of North Las Vegas Police Department; Doe Officers IV through X, inclusive and JOHN DOES I through X, inclusive, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) O R D E R<br>) |
| Defendant, | ) |

This matter comes before the Court on Plaintiff's Emergency Motion to Compel Discovery Responses and to Compel Answers to Deposition Questions in Order to Respond to Defendants' Motion for Summary Judgment (#15). The Court has considered Defendants' Response (#18) and Plaintiff's Reply (#21).

**BACKGROUND**

On July 1, 2010, Defendants' served their responses to Plaintiff's interrogatories. Plaintiff made no complaint at that time. Then on October 12, 2010, the last day of discovery, Plaintiff conducted depositions of six Defendants. During the depositions, Defendants' counsel advised their clients not to answer particular questions because the answers were protected by the law enforcement privilege. Consequently, many of Plaintiff's questions were not answered.

1    On November 10, 2010, one day before the dispositive motion deadline, Defendants filed
2 a Motion for Summary Judgment (#13). Plaintiff then filed a Motion to Compel (#15) on
3 December 1, 2010 disputing the use of the law enforcement privilege and seeking further
4 responses to the depositions and interrogatories.

## ANALYSIS

**A. Timeliness**

"A motion to compel may be filed after the close of discovery. Absent unusual circumstances, it should be filed before the scheduled date for dispositive motions." *Gault v. Nabisco Biscuit Co.,* 184 F.R.D. 620, 622 (D. Nev. 1999). Here, Plaintiff waited until twenty days after the dispositive motion deadline and almost two months after the depositions to file its motion. Additionally, Plaintiff offers no explanation for the tardiness of its motion. Essentially, Plaintiff asks the Court to extend the discovery deadline in order to allow her to complete discovery.

Applications to extend discovery must be supported by a showing of good cause for the extension. LR 26-4. Furthermore, "[a] request made after the expiration of the specified period shall not be granted unless the moving party, attorney, or other person demonstrates that the failure to act was the result of excusable neglect." LR 6-1(b). Because Plaintiff's Motion to Compel (#15) was filed after the discovery deadline, she must show both good cause for the extension and excusable neglect for the delay.

1. Good Cause

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment... [i]f that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations,* 975 F.2d 604, 609 (9th Cir. 1992). The scheduling order can be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. *Id*.

Here, Plaintiff does not present any facts showing that she was diligent. Thus, the Court cannot determine whether Plaintiff could have met the deadline had she been diligent. Plaintiff has failed to carry her burden to show good cause.

2. Excusable Neglect

- 2 -

1   In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380 (1993), the Supreme
2   Court outlined at least four factors in determining whether neglect is excusable: (1) the danger of
3   prejudice to the opposing party; (2) the length of the delay and its potential impact on the
4   proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.
5   *Pioneer*, 507 U.S. at 395.

6   Here, Plaintiff argues that the Motion would not harm Defendants. The motion was filed
7   nearly two months after the discovery deadline, and twenty days after the dispositive motion
8   deadline. If the motion is granted, then discovery would have to be reopened, and the Defendants
9   might have to redraft and re-file their Motion for Summary Judgment (#13), resulting in further
10  delay. *See Graber v. Zaidi*, 2010 WL 3238918, 2010 U.S. Dist. LEXIS 9304 (D. Nev. 2010).
11  Delay is not harmless if it causes a disruption in the Court's calendar, as well as in the opposing
12  party's calendar. *Wong v. Regents of the University of California,* 410 F.3d 1052, 1062 (9th Cir.
13  2005).

14  Furthermore, the Court cannot determine the cause of the delay because Thurston has not
15  given any reason for it. Thus, Plaintiff has failed to show excusable neglect for the delay and is
16  not eligible for an extension or continuance of discovery.

17  **B. Meet and Confer**

18  > Discovery motions will not be considered unless a statement of moving counsel is
    > attached thereto certifying that, after personal consultation and sincere effort to do
19  > so, counsel have been unable to resolve the matter without court action.

20  LR 26-7.  *See also*, Fed. R. Civ. P. 37.

21  > Two components are necessary to constitute a facially valid motion to compel.  First
    > is the actual *certification* document... Second is the *performance*, which also has two
22  > elements.  The moving party performs, according to the federal rule, by certifying
    > that he or she has (1) in good faith (2) conferred or attempted to confer. Each of these
23  > two subcomponents must be manifested by the facts of a particular case in order for
    > a certification to have efficacy and for the discovery motion to be considered.
24
    *Shuffle Master v. Progressive Games,* 170 F.R.D. 166, 170 (D. Nev. 1996)
25

26
    1. Certification
27
    Here, there is no certifying statement that a meet and confer took place. Plaintiff claims
28

- 3 -

that a meet and confer took place between the parties, but the rule requires that a certifying document be attached to the motion. Since there is no certification, defendant fails to meet the first requirement of the meet and confer rule.

2. Performance

Plaintiff must have, in good faith, conferred or attempted to confer. FED. R. CIV. P. 37(a)(1). "A moving party must personally engage in two-way communication with the non-responding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *Shuffle Master*, 170 F.R.D. at 171. Rule 37(a)(1) places the burden on the movant to conduct a meet and confer.

The parties offer conflicting accounts of whether a meet and confer took place. First, in Plaintiff's counsel's affidavit he mentions that the two parties had discussions, on the record, during the depositions on October 12, 2010, to "attempt to meet and confer to resolve [the] issue" before the motion to compel was filed. Plaintiff's Motion to Compel (#15) at p. 3. Later in the brief, Plaintiff states that a meet and confer occurred at the time of the depositions and the parties mutually agreed to disagree, thus, prompting the motion to compel. Plaintiff's Motion to Compel (#15) at 7. However, Plaintiff does not cite to any deposition transcript or other record that illustrates that an attempt to meet and confer, or an actual meet and confer, ever occurred.

Meanwhile, Defendants claim that Plaintiff did not confer with Defendants, let alone meaningfully confer as to these disputes. Defendants also assert that no "on the record" attempts to meet and confer happened. Without more, Plaintiff has failed to carry her burden to show that an attempt or actual meet and confer occurred.

Further, "[g]ood faith is tested by the court according to the nature of the dispute, the reasonableness of the positions held by the respective parties, and the means by which both sides conferred." *Shuffle Master,* 170 F.R.D. at 171. Therefore, since the record does not show the attempts occurred, Plaintiff does not satisfy the good faith requirement.

Finally, even if plaintiff claimed a right to discovery under Fed. R, civ. P. 56(d), the request would fail. Thurston has failed to diligently pursue previous discovery opportunities and has failed to show how allowing additional discovery would preclude summary judgment. Clark

- 4 -

1  v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1178-1179 (9th Cir. 2006).

2      The Plaintiff has not carried her burden for the belated motion to compel. The procedural
3  failures are too numerous and without justification. The motion is denied.

4      The Court does not endorse Defendants' use of the asserted "law enforcement privilege"
5  by this decision.

## CONCLUSION

7      Based on the foregoing, and good cause appearing therefore,

8      IT IS HEREBY ORDERED that Plaintiff's Emergency Motion to Compel Discovery
9  Responses and to Compel Answers to Deposition Questions in Order to Respond to Defendants'
10  Motion for Summary Judgment (#15) is **DENIED**.

11      DATED this __15th__ day of July, 2011.

                                                ROBERT J. JOHNSTON
                                                United States Magistrate Judge