UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

LOUISA THURSTON,

    Plaintiff,

v.

NORTH LAS VEGAS POLICE DEPARTMENT; et al.,

    Defendants.

2:10-CV-0516-LRH-RJJ

ORDER

Before the court is defendants the City of North Las Vegas ("City"); Detective Paul Freeman ("Freeman"); Detective Anthony Watkins ("Watkins"); Sergeant Michael Waller ("Waller"); Officer Leonard Taylor ("Taylor"); Officer Eric Rockwell ("Rockwell"); and Officer Jason Scarale's ("Scarale") renewed motion for summary judgment. Doc. #26.[1] Plaintiff Louisa Thurston ("Thurston") filed an opposition (Doc. #28) to which moving defendants replied (Doc. 31).

**I.     Facts and Background**

On February 8, 2008, defendants Taylor, Rockwell, Scarale, and Waller executed a search warrant at Thurston's residence for her husband, a suspected armed bank robber. Upon service of the warrant Thurston was detained, zip-tied and escorted from the residence.

---

[1] Refers to the court's docket number.

Officers Taylor and Rockwell began searching the home and encountered Thurston's 140-pound mastiff and 70-pound pit bull attempting to enter the house from the backyard through a door accessible by the dogs. Officers Taylor and Rockwell shot the mastiff as it entered the house. Officer Taylor then shot and killed the pit bull as it also attempted to enter the house. Thereafter, both officers entered the backyard. Officer Scarale then came upon the scene, saw officers Taylor and Rockwell outside with their backs to the door, noticed the mastiff still moving towards the other officers, and shot and killed the mastiff.

Subsequently, Thurston filed a complaint against defendants alleging five causes of action: (1) 42 U.S.C. § 1983 excessive force claim; (2) 42 U.S.C. § 1983 deliberate indifference claim; (3) 42 U.S.C. § 1983 destruction of property claim; (4) civil conspiracy; and (5) various state law torts. Doc. #1, Exhibit A. In response, defendants filed the present motion for summary judgment. Doc. #26.

**II.    Legal Standard**

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, answers to interrogatories, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier

of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *See id.* at 252.

**III.  Discussion**

**A.  Non-Participating Defendants**

Only an officer who was an integral participant or personally involved in an alleged deprivation of rights may be held personally liable. *Bryan v. Las Vegas Metropolitan Police Department*, 349 Fed. Appx. 132, 133 (9th Cir. 2009). Here, defendants Freeman, Watkins, and Waller took no action in the shooting of Thurston's dogs. As such, they cannot be liable for the other defendants' actions. Further, Thurston does not oppose the dismissal of these defendants. Therefore, the court shall grant the motion as to these defendants and dismiss defendants Freeman, Watkins, and Waller from this action.

**B.  North Las Vegas Police Department**

Named defendant the North Las Vegas Police Department is not a legally cognizable defendant. Rather, it is a department within the city of North Las Vegas and has no separate legal existence. Therefore, it cannot be sued independently and shall be dismissed as a defendant.

**C. Constitutional Claims**

As alleged in her complaint, the basis for all of Thurston's constitutional claims under the Fourth and Fourteenth Amendments is the death of her two dogs. *See* Doc. #1, Exhibit A.

"'The killing of [a] dog is recognized as a seizure under the Fourth Amendment' and can constitute a cognizable claim under § 1983." *San Jose Charter of the Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 975 (9th Cir. 2005) (quoting *Fuller v. Vines*, 36 F.3d 65, 68 (9th Cir. 1994)). To comply with the Fourth Amendment, the killing of a dog must have been reasonable under the circumstances. *Id*. A court examines the totality of the circumstances to determine whether the killing of a dog was reasonably necessary to effectuate the performance of an officer's duties or to protect officer safety. *Id*. It is objectively reasonable under the Fourth Amendment to kill an attacking dog if the safety of officers or others is involved. *See e.g., Altman v. City of High Point*, 330 F.3d 194, 205-06 (4th Cir. 2004); *Warboys v. Proulx*, 303 F. Supp. 2d 111, 117 (D. Conn. 2004).

The court has reviewed the documents and pleadings on file in this matter and finds that the undisputed evidence establishes that Officers Taylor, Rockwell, and Scarale acted reasonably under the circumstances when they shot and killed Thurston's dogs. Officers Taylor and Rockwell testified in their depositions that they encountered Thurston's two large dogs attempting to enter the house in a hostile manner. Doc. #26, Exhibit D, Taylor Depo., p.32:3-12; Exhibit E, Rockwell Depo., p. 32:1-5 and 34:2-20. Both dogs were growling and acting aggressive and threatening. *Id*. Both officers testified that they considered themselves, and other officers in the house, to be in danger and shot the animals in order to protect themselves and the other officers. *Id*. Further, Officers Taylor and Rockwell did not have any non-lethal equipment with them and were not prepared to handle the aggressive dogs while executing the search warrant for an armed robbery suspect.

As to Officer Scarale, he testified in his deposition that he came upon the scene and saw the

large mastiff still moving aggressively towards officers Taylor and Rockwell who had gone into the backyard and had their back to the mastiff. Doc. #26, Exhibit F, Scarale Depo., p.24:9-12. Officer Scarale testified that he shot the mastiff to protect his fellow officers who were unaware of the danger at that moment. Doc. #26, Exhibit F, Scarale Depo., p. 26:10-27:4.

Moreover, there is no conflicting evidence presented by Thurston in opposition to defendants' motion for summary judgment. Thurston concedes that she was outside the home at the time of the shootings and did not see whether the dogs had attempted to enter the residence or the dogs' demeanor in response to the officers, unknown individuals to the dogs, moving throughout the house. Thurston simply argues that this case is similar to ones in which an officer's conduct in killing a dog has not been deemed to be reasonable, namely *San Jose Charter of Hells Angels v. City of San Jose*.

However, the court finds that this case is not analogous to the defendant officers' action in *Hells Angels* because the officers in that matter had several days to plan their raid on the compound, knew how many dogs were on the compound and where they were kept, and had non-lethal weaponry with them at the time of the raid but failed to use it. Here, in comparison, the evidence establishes that the officers were reacting to a sudden and unexpected situation in which large aggressive dogs were able to enter Thurston's residence and confront the officers presenting them with unexpected and exigent circumstances. Therefore, the court finds that based on the record before it, officers Taylor, Rockwell, and Scarale acted reasonably under the circumstances. Accordingly, the court shall grant defendants' motion for summary judgment as to this issue.

**D.  Civil Conspiracy**

To establish a claim for civil conspiracy, a plaintiff must establish: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort. *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001). Further, the plaintiff must establish with particular specificity "the manner in which a defendant joined in the conspiracy and how he participated in it." *Arroyo v.*

5

*Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984).

Here, there is no evidence before the court that establishes that the defendants in this action had an agreement to falsely arrest or falsely imprison Thurston. First, Thurston has not provided the court with any evidence that she was falsely arrested or imprisoned. Second, there is no evidence establishing how defendants joined in any conspiracy or how they individually participated in any of the underlying actions. Accordingly, the court shall grant defendants' motions at to this issue.

### E. State Law Preemption

Nevada law provides that the sole remedy for injuries relating to the death of a pet is the market value of the animal, reasonable burial costs, and reasonable attorney's fees in bringing an action to recover these identified remedies. *See* NRS 41.470(1)(c) and (d). No other injury is contemplated and all other claims arising from the intentional or negligent death of a pet are preempted. *See* NRS 41.470 *et seq*. Further, Thurston concedes in her opposition that her various state law tort claims are preempted. Therefore, the court shall grant defendants' motion for summary judgment as to Thurston's remaining state law tort claims.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment (Doc. #26) is GRANTED. The clerk of court shall enter judgment accordingly.

IT IS SO ORDERED.

DATED this 1st day of March, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE